UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota,

        Plaintiff,

    v.                                  **ORDER**
                                          Criminal No. 17-307 ADM

Angelo Solinas Mondragon,

        Defendant.

_____

## I.  INTRODUCTION

On November 28, 2017, Defendant Angelo Solinas Mondragon filed a Notice of Removal [Docket No. 1] of his three state court proceedings from Polk County District Court, Minnesota.  He also filed a Motion for Change of Venue [Docket No. 2].  Defendant alleges that Minnesota's Implied Consent Law violates several of his rights under the United States Constitution.  Notice Removal at 2–3, 15–18.  He seeks to litigate his Minnesota state court driving charges in United States District Court in Fargo, North Dakota.  For the reasons set forth below, the cases are remanded and the Motion for Change of Venue is denied.

## II.  ANALYSIS

On May 14, 2017, Defendant was charged in Polk County, Minnesota with Fourth Degree Driving While Impaired (Minn. Stat. §§ 169A.20, subd. 1(1), 169A.27) and Fourth Degree Driving While Impaired Over 0.08 B.A.C. (Minn. Stat. §§ 169A.20, subd. 1(5), 169A.27).  Notice Removal [Docket No. 1, Attach. 1] at 6, 8.  His driver's license was revoked pursuant to Minnesota's Implied Consent Law, Minn. Stat. § 169A.52.  Id. at 5.  On September 20, 2017, Defendant was cited in Polk County with Driving After Revocation (Minn. Stat.

§ 171.24) and Failure to Display Front and Rear Plates (Minn. Stat. 169.79.6).  Notice Removal at 10.  Based on these charges and citations, the State of Minnesota ("State") has initiated three state court cases against Defendant in Polk County, Minnesota:  <u>State of Minnesota vs. Angelo Solinas Mondragon</u>, No. 60-CR-17-1040 (Driving While Impaired); <u>State of Minnesota vs. Angelo Solinas Mondragon</u>, No. 60-VB-17-2953 (Driving After Revocation); and LE Case Number/ICR:  170001501 (Notice and Order of Revocation; Department of Public Safety, State of Minnesota).  <u>Id.</u> at 4.  Defendant seeks to remove the cases to federal court and to transfer the litigation to the United States District Court in Fargo, North Dakota.

Under 28 U.S.C. § 1455(b)(4), the Court must promptly examine the notice of removal of a state criminal prosecution[1] and summarily remand the case if "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted."  It is clear from the face of Defendant's Notice and annexed exhibits that removal should not be permitted here because Defendant cannot satisfy any of the statutes authorizing the removal of cases from state courts.  <u>See</u> 28 U.S.C. §§ 1441–1455 (removal statutes).

Defendant appears to argue that his state court cases are removable under 28 U.S.C. § 1441(a), which provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  Defendant contends that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the actions implicate his rights under the

---

[1] The State's case against Defendant for Driving While Impaired ("DWI") is a criminal prosecution.  <u>See</u> Minn. Stat. § 169A.20, subd. 1 (stating that driving while impaired is a crime).

2

United States Constitution.[2]  See Notice Removal at 2–3.  However, the state actions against Defendant do not "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Rather, the actions arise under the laws of Minnesota.  Therefore, the state actions are not removable under § 1441.[3]

Defendant's allegations that Minnesota's Implied Consent Law violates his Constitutional rights also suggest that Defendant is attempting to remove the state court proceedings pursuant to 28 U.S.C. § 1443(1).  This provision authorizes the removal of civil actions or criminal prosecutions "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof."  28 U.S.C. § 1443(1).  However, "[s]ection 1443 applies only to denials of specific rights of racial equality and not to the whole gamut of constitutional rights."  U.S. *ex rel.* Sullivan v. Missouri, 588 F.2d 579, 580 (8th Cir. 1978) (*per curiam*).  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability . . . will not suffice" as grounds for removal under § 1443.  Johnson v. Mississippi, 421 U.S. 213, 219 (1975).  Thus, to establish eligibility for removal under § 1443, Defendant must show he "relies upon a law providing for equal civil rights stated in terms of racial equality."  Neal v. Wilson, 112 F.3d 351, 354 (8th Cir. 1997).  None of the alleged violations of Defendant's rights listed in the Notice of Removal are based upon racial discrimination or a law specifically providing for racial equality.

---

[2] Section 1331 states:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

[3] Defendant's DWI prosecution is not removable under § 1441(a) for the additional reason that it is a criminal action, and § 1441(a) is limited to civil actions.

Because none of the removal statutes apply to the state actions against Defendant, "it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted." 28 U.S.C. § 1455(b)(4).

### III.  CONCLUSION

Based on the foregoing, and all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that these cases are summarily **REMANDED** to the Minnesota District Court, Ninth Judicial District.  The Motion for Change of Venue [Docket No. 2] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  December 12, 2017.